Keith James **GARDNER**, Petitioner—Appellant,

v.

Michael G. **YARBOROUGH**, Respondent—Appellee.

No. 04–57125.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Filed April 21, 2006.

Paul R. Ward, Redlands, CA, for Petitioner—Appellant.

Pat Zaharopoulos, Esq., Gary W. Brozio, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent—Appellee.

Before: GRABER, WARDLAW, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Keith James Gardner appeals the district court's denial of his petition for habeas corpus, which challenges his sentence pursuant to California's Three Strikes law, Cal.Penal Code § 667(b)-(i), for a year 2000 burglary conviction. We reject Gardner's argument that the terms of his plea agreements for his three prior convictions precluded the State from enhancing his sentence for any future convictions by more than five years each, and we therefore affirm the district court.

Under California law, plea bargains are interpreted according to contract law principles, Cal. Civ.Code § 1635; *Buckley v. Terhune,* 441 F.3d 688, 695 (9th Cir.2006) (en banc), and "are deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws," *People v. Gipson,* 117 Cal.App.4th 1065, 1070, 12 Cal.Rptr.3d 478 (2004) (internal

---

5. *See* 21 U.S.C. § 860(a).

6. *United States v. Pitts,* 908 F.2d 458, 461 (9th Cir.1990).

7. *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir.2005) (en banc).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

quotation marks omitted). None of Gardner's plea agreements contains an express term limiting the State's power to use his convictions for future sentencing enhancements. Moreover, nothing in the record suggests that Gardner, much less the State, understood the plea agreements to limit future enhancements based on his prior convictions to five years.

Nor did the comments of the judges during each of Gardner's plea colloquies explicitly or implicitly alter the terms of his plea agreements. The judge's statement at Gardner's 1991 plea colloquy that "[a]nother consequence of your guilty plea to this very serious offense is that this will become a five-year prior" merely described the consequences of Gardner's plea under then-existing law; it was not a promise to limit the State's future use of those convictions. Section 667(a) of the California Penal Code then provided:

> any person convicted of a serious felony who previously has been convicted of a serious felony in this state or of any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately.

Similarly, the general references by the court to the "consequences" of Gardner's guilty pleas during the plea colloquies for each of his 1992 offenses alluded to the sentencing enhancement consequences of section 667, but did not alter the terms of the plea agreements.

Therefore, the California Court of Appeal's affirmance of Gardner's sentence was not "contrary to, or … an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), as determined by the Supreme Court in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), nor "an unreasonable determination of the facts in light of the evidence presented," 28 U.S.C. § 2254(d)(2).

**AFFIRMED.**